IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 12-03029-01-CR-S-BCW |
| | ) | |
| DERICK JAMES MACK, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant has filed Motions to Dismiss on various grounds, Documents 30, 34, 41, 43, 44, 45 and 46.

On Doc. 30, defendant contends that white females were present at the time of the events resulting in his indictment. He asserts that they could have been charged with similar offenses, and that he was charged because of his race. The defendant acknowledges that the women in question were non-felons and his conclusory allegations are clearly insufficient as a matter of law.

In Doc. 34, defendant complains that the proper witnesses were not called before the Grand Jury and that hearsay evidence was used. The Rules of Evidence do not apply to Grand Jury proceedings, and the Grand Jury clearly found probable cause on the evidence presented.

In Doc. 41, he asserts that the firearm in question is not covered under the provisions of 18 U.S.C. § 922. The United States will be required at trial to establish that the .12 gauge shotgun was, in fact, a firearm.

In Doc. 43, defendant asserts that under Missouri state law, he is exempt from the provisions of 18 U.S.C. § 922(g). At trial, the United States will be required to establish that the defendant sustained a prior felony conviction, which under the laws of the State of Missouri, is punishable by a term of imprisonment exceeding one year.

In Doc. 44, he complains of the internal assignment of responsibilities in the Office of the Federal Public Defender. In this case, as in every case, the Supervisory Public Defender is initially listed as counsel of record. If that matter is assigned to one of the assistants, that person enters his or her appearance.

In Doc. 45, defendant asserts that his civil rights have been reinstated, however, the section to which he refers is not applicable to a prior assault conviction.

Finally, defendant seeks dismissal as the government failed to timely respond to his motions. However, the defendant was not granted leave of the Court to proceed *pro se* until August 14, 2012.

For the above-stated reasons, it is hereby

RECOMMENDED that defendant's Motions to Dismiss, Documents 30, 34, 41, 43, 44, 45 and 46 be denied.

/s/ *James C. England*
JAMES C. ENGLAND
United States Magistrate Judge

Date: October 22, 2012